# UNITED STATES DISTRICT COURT
# FOR THE DISTICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2004 JUL 22 A 12: 58
DISTRICT COURT
DISTRICT OF MASS

Civil Action No. 04-11010PBS

BARBARA PERCIVAL,
    Plaintiff

v.

MARINER MOTOR LODGE, INC.,
INFINITY TOURS, INC., AND
P.M.L. GROUP & TOURS, INC.,
    Defendants

## ANSWER OF DEFENDANT, MARINER MOTOR LODGE, INC. ONLY, AND CROSSCLAIMS, WITH JURY CLAIM

1. The defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and calls upon the plaintiff to prove the same if material.

2. The defendant admits the averments contained in paragraph 2.

3. The defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and calls upon the plaintiff to prove the same if material.

4. The defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and calls upon the plaintiff to prove the same if material.

5. The defendant denies that the amount in controversy exceeds the value of $75,000. The defendant admits that there is diversity of citizenship.

6. The defendant admits the averments contained in paragraph 6.

7. The defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and calls upon the plaintiff to prove the same if material.

8. The defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies the same and calls upon the plaintiff to prove the same if material.

9. The defendant admits that plaintiff arrived at the Mariner Motor Lodge on May 20, 2002. The defendant is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies the same and calls upon the plaintiff to prove the same if material.

10. The defendant denies the allegations contained in paragraph 10.

COUNT I

11. The defendant admits the averments contained in paragraph 11.

12. The defendant denies the allegations contained in paragraph 12.

13. The defendant denies the allegations contained in paragraph 13.

14. The defendant denies the allegations contained in paragraph 14.

COUNT II.

15. The allegations of Count II pertain solely to a defendant for which no answer is made herein.

COUNT III

16. The allegations of Count III pertain solely to a defendant for which no answer is made herein.

AFFIRMATIVE DEFENSES

FIRST DEFENSE

And further answering, the defendant says that the complaint fails to state a claim against this defendant upon which relief may be granted.

SECOND DEFENSE

And further answering, the defendant says that if the plaintiff proves that the plaintiff received the injuries and damages or either of them as alleged by the plaintiff, the same were in no way caused by this defendant, or by any person for whose negligence this defendant is legally responsible or answerable.

THIRD DEFENSE

And further answering, the defendant says that the plaintiff's conduct was negligent and said conduct contributed to cause the injuries and damages alleged such that the plaintiff is thereby barred from recovery or said recovery should be diminished in accordance with the provisions of the comparative negligence statute, G.L. c. 231.

FOURTH DEFENSE

And further answering, the defendant says that even if there was a defect in the premises in question, which the defendant denies, such defect was not the proximate cause of the alleged injury or damage to the plaintiff, but said injury or damage were the result of an intervening and superseding cause.

FIFTH DEFENSE

And further answering, the defendant says that this court lacks jurisdiction over the subject matter of the plaintiff's complaint.

SIXTH DEFENSE

And further answering, the defendant, Mariner Motor Lodge, Inc., states the plaintiff's claim is really for less than the $75,000 jurisdictional amount, and that it ought to be dismissed.

CROSSCLAIMS

PARTIES

The Defendant, Mariner Motor Lodge, Inc., is a defendant in this action.

The Defendant in Crossclaim, Infinity Tours, Inc., is a defendant in this action.

The Defendant in Crossclaim, P.M.L. Group & Tours, Inc., is a defendant in this action.

COUNT I: CONTRIBUTION BY INFINITY TOURS, INC.

1. If the Plaintiff, Barbara Percival, was injured as alleged, then such injury was due in whole or in part to the negligence and carelessness of the Defendant in Crossclaim, in the management, direction, placement, and supervision of the loading of the tour motor coach at the time and place of the plaintiff's alleged accident.

2. In the event that the Plaintiff, Barbara Percival, should receive judgment against the Crossclaimant for damages, then the Crossclaimant will be entitled to judgment against the Defendant in Crossclaim, Infinity Tours, Inc., for contribution pursuant to G.L. c. 231B toward the damages and costs awarded to the Plaintiff.

## COUNT II CONTRIBUTION BY P.M.L. GROUP & TOURS, INC.

3. If the Plaintiff, Barbara Percival, was injured as alleged, then such injury was due in whole or in part to the negligence and carelessness of the Defendant in Crossclaim, in the operation, parking, loading, and care of customers, including the plaintiff at the time and place of the alleged accident.

4. In the event that the Plaintiff, Barbara Percival, should receive judgment against the Crossclaimant for damages, then the Crossclaimant will be entitled to judgment against the Defendant in Crossclaim, P.M.L. Group & Tours, Inc., for contribution pursuant to G.L. c. 231B toward the damages and costs awarded to the Plaintiff.

## JURY CLAIM

The defendant demands a jury trial on all issues so triable.

DEFENDANT,
Mariner Motor Lodge
By its attorney,

*/s/ Bradley A. MacDonald*
BRADLEY A. MACDONALD
CUMMINGS, KING & MACDONALD
One Gateway Center, Suite 351
Newton, MA 02458
(617) 630-5100
B.B.O. No. 310380

CERTIFICATE OF SERVICE: I hereby certify that on July 20, 2004, I served the above by first class mail, postage prepaid, on counsel of record.

Joseph G. Abromovitz, Esq.
858 Washington St., 3rd Floor
Dedham, MA 02026

Infinity Tours, Inc.
6013 Al Ventura Rd.
Wallington, N.J. 07057

P.M.L. Group & Tours, Inc.
525 Rt. 73S, Suite 305B
Evesham Township, N.J. 08053

*/s/ Bradley A. MacDonald*
Bradley A. MacDonald, Esq.