UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
****************************************
BARBARA PERCIVAL.,                      *
     Plaintiff,                         *
                                        *
v.                                      *  C.A. No.: 04-11010 PBS
                                        *
MARINER MOTOR LODGE, INC.,              *
INFINITY TOURS, INC., AND               *
P.M.L. GROUP & TOURS, INC.,             *
     Defendants.                        *
****************************************
```

## DEFENDANT, INFINITY TOURS, INCORPORATED ANSWER TO PLAINTIFF'S COMPLAINT AND JURY CLAIM

### THE PARTIES

1.  The Defendant, Infinity Tours, Incorporated ("Infinity Tours"), is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

2.  The Defendant, Infinity Tours, is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

3.  The Defendant, Infinity Tours, is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

4.  The Defendant, Infinity Tours, admits that it is a New Jersey Corporation with a place of business in Wallington, New Jersey. The Defendant states that no response to the remaining allegations is required, as it calls for the Defendant to render a legal conclusion.

### JURISDICTION AND VENUE

5.  The Defendant denies that the amount in controversy exceeds $75,000 (Seventy-Five Thousand dollars).

6. The Defendant, Infinity Tours, is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

## THE FACTS

7. The Defendant, Infinity Tours, is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

8. The Defendant, Infinity Tours, is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

9. The Defendant, Infinity Tours, is without information and knowledge sufficient to admit or deny the allegations contained in this paragraph and call upon the Plaintiff to prove the allegations contained in this paragraph.

10. The Defendant, Infinity Tours, denies the allegations contained in this paragraph.

## COUNT I
### (Negligence)
### (Barbara Percival v. Mariner Lodge, Inc.)

11. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations.

12. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations.

13. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations.

14. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To

the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations. The Defendant denies the extent of the alleged injuries.

## COUNT II
### (Negligence)
### (Barbara Percival v. Infinity Tours, Inc.)

15. The Defendant, Infinity Tours, reasserts its responses to paragraphs one through ten set forth above as if set forth herein in full.

16. The Defendant denies the allegations contained in this paragraph.

17. The Defendant denies the allegations contained in this paragraph.

18. The Defendant denies the allegations contained in this paragraph.

## COUNT III
### (Negligence)
### (Barbara Percival v. P.M.L. Group Tours, Inc.)

19. The Defendant, Infinity Tours, reasserts its responses to paragraphs one through ten set forth above as if set forth herein in full.

20. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations.

21. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations.

22. The Defendant, Infinity Tours, states that no response to the allegations in this paragraph is required, as the allegations do not pertain to this Defendant. To the extent the allegations do pertain to the Defendant, Infinity Tours, the Defendant denies the allegations. The Defendant denies the extent of the alleged injuries.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant says that the injuries or damages alleged were caused in whole or in part by the Plaintiff's own negligence.

### SECOND AFFIRMATIVE DEFENSE

The Defendant says that the injuries or damages alleged were caused in whole or in part by the acts or omissions of others for whom this defendant is not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The Defendant states that if it is found to be negligent, which it denies, that the negligence of the Plaintiffs was greater than its negligence and for that reason the Plaintiffs are not entitled to recover.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant states that if the Plaintiffs sustained damage as alleged, the same was caused by a person or persons for whose conduct it was not legally responsible and for this reason, it is not liable to the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Mass. R. Civ. P. 12(b)(6).

### SIXTH AFFIRMATIVE DEFENSE

The Defendant states that at the time and place alleged in the Plaintiff's Complaint, the Plaintiff so carelessly and negligently conducted herself so that they, by her own negligence, contributed directly and proximately to her own alleged injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff is guilty of contributory negligence and that damages, if any, recovered by the Plaintiff should be reduced in

proportion to the negligence of the Plaintiff in accordance with Mass. Gen. L., Ch. 231, Sec. 85 as amended.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff's alleged accident occurred on a condition that was open and obvious.

### NINTH AFFIRMATIVE DEFENSE

This Defendant states that the Plaintiff has failed to mitigate damages and is therefore barred from recovery.

### TENTH AFFIRMATIVE DEFENSE

The Defendant intends to rely on such other defenses as are appropriate and are revealed during this litigation

### JURY CLAIM

The Defendant claims its right to a trial by jury on all issues so triable.

Defendant,
INFINITY TOURS, INC.
By their attorneys,

_____
Michael J. St. Andre, BBO#630278
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696

## CERTIFICATE OF SERVICE

I hereby certify that I have on July 30, 2004, I served the within:

DEFENDANT, INFINITY TOURS, INCORPORATED ANSWER TO PLAINTIFF'S COMPLAINT AND JURY CLAIM

by mailing a copy of same, postage pre-paid to the following counsel of record:

Joseph G. Abromovitz, Esquire
85 Washington Street, 3rd Floor
Dedham, MA 02026

_/s/ M. A._

Michael J. St. Andre, BBO#630278
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617) 557-9696